■ JOHN R. SIMMONS et al., Appellants, v. WESTWOOD APARTMENTS COMPANY, INC., Respondent.— Judgment unanimously reversed on the law and facts and a new trial granted, without costs of this appeal to either party. Memorandum: This appeal is from a judgment, following a trial without a jury, which dismissed the appellants' complaint seeking damages for trespass to real property and an injunction against the continuance of the trespass. In 1956 the appellants acquired title to a substantial tract of land the northern boundary of which extended 442.2 feet along West Genesee Street in the Town of Camillus, Onondaga County. Whedon Road, so-called, which has never been dedicated to public use but has been maintained by the township for many years, runs southerly from West Genesee Street along a portion of the appellants' land on its westerly edge. In 1957 the appellants contracted to sell the portion of the tract fronting on West Genesee Street to the Grand Union Company. The contract described the land to be sold by metes and bounds with the northern boundary being 442.2 feet along the center line of West Genesee Street and then said "Excepting therefrom a strip of land 60 ft. wide off of the westerly side of the above described premises known as Whedon Road." The deed from the appellants to Grand Union Company dated June 23, 1958 did not contain this exception but the northerly boundary on West Genesee Street was given as 382.19 feet to a point. Two interlinea-tions appear in the description in this deed. As to the northerly boundary of 382.19 feet to a point there is interlined "in the easterly line of Whedon Road." As to the westerly boundary described as being 723.34 feet there is interlined "along said easterly line of Whedon Road." Since Whedon Road was not dedicated it was a highway by use and the Town of Camillus was required by section 189 of the Highway Law to open it to a width of "at least three rods." The paved portion was only 24 feet but there were shoulders and drainage ditches on either side thereof. The appellants urge that they deeded only 382.19 feet on West Genesee Street to the Grand Union Company and thus they are the owners of the westerly 60 feet of the land they acquired which includes Whedon Road whatever its width. Obviously if they are correct in this contention, the respondent acquired only 382.19 feet frontage on West Genesee Street since Grand Union which was its grantor could deed no more land than it acquired. The respondent argues that Grand Union acquired and deeded to it all the frontage on West Genesee Street to the easterly boundary of Whedon Road wherever that easterly boundary is. In support of its position reliance is placed on the monument references included

in the two interlineations. The result of these conflicting claims gives rise to the litigation and requires a determination of the title to a strip of land 10½ feet wide immediately east of the east boundary of Whedon Road if it is three rods wide as both parties seem to concede. Vital and indispensable to the determination of that title is the intention of the appellants and Grand Union as to what land was being bought and sold in 1958. The trial court found the appellants intended to and did convey title to Grand Union to the easterly edge of Whedon Road no matter what foot frontage on West Genesee Street was included and Grand Union in turn deeded the same land to respondent. In the state of this record such a determination was error. The proof as to who made the interlineations in the 1958 deed, when they were made and who was aware of them when the deed was delivered is indeed meager and unsatisfactory. The attempt of the appellants to supply evidence in this regard and as to intent was completely frustrated. The respondent offered no proof as to the intention of Grand Union. A new trial is therefore required which will give the litigants an opportunity to fully develop the intention of the appellants and Grand Union as to the land deeded in 1958. (Appeal from judgment of Onondaga Trial Term dismissing the complaint on the merits in an action in trespass.) Present — Williams, P. J., Bastow, Goldman, Noonan and Del Vecchio, JJ.